UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS – KANSAS CITY ) | |
| CARPENTERS REGIONAL COUNCIL ) | |
| et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 2578 (JMB) |
| ) | |
| BETTER BUILDING SYSTEMS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Better Building Systems, LLC, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

**I.     Background**

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are the St. Louis-Kansas City Carpenters Regional Council (the Union) and three employee benefit plans (the Pension, Welfare, and Vacation Trusts) and their trustees (collectively, the Funds). Defendant is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Complaint at ¶ 4 [Doc. # 1]. In addition, defendant is party to a collective bargaining agreement with the Union, and is bound by various trust agreements relating to the Funds. Id. at ¶¶ 5-6. Plaintiffs allege that defendant failed to purchase fringe benefit stamps as required by the terms of the collective bargaining

agreement. See id. at ¶ 7; Affidavit of Juli Laramie at ¶ 4 [Doc. # 7-2]. Plaintiffs seek a total of $26,151.38 for unpaid contributions, liquidated damages, and interest, plus $457.40 for attorneys' fees and costs.

The summons and a copy of the complaint were served on defendant on October 26, 2017. Defendant did not file an answer or other responsive pleading and, on November 29, 2017, the Clerk of Court entered default against defendant.

**II.     Legal Standard**

Under Fed. R. Civ. P. 55(a), a court may enter a default judgment for failure "to plead or otherwise defend." When the Clerk of the Court has entered default judgment against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." Mueller v. Jones, 2009 WL 500837, at *1 n. 2 (E.D. Mo. Feb 27, 2009). Further, '[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting documentation." Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc., 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted). See Fed.R.Civ.P. 8(b)(6) (stating that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

**III.    Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

Defendant is bound by the terms of a collective bargaining agreement and addendum entered into between the plaintiff Union and the Missouri-Illinois Independent Building

Contractors, in effect through May 5, 2018. Laramie Affidavit at ¶ 2. The collective bargaining agreement requires defendant to pay fringe benefit contributions through the purchase of fringe benefit stamps. Id. at ¶ 4; Missouri/Illinois Independent Area Addendum at p. 11 [Doc. # 7-4]. Failure to purchase the fringe benefit stamps subjects defendant to liquidated damages of 20% and imposition of interest at a rate not to exceed 10%. Collective Bargaining Agreement at § 8.05 [Doc. # 7-3 at pp. 5-6]. In addition, defendant is liable for court costs and attorneys' fees. Id.

Plaintiffs submit the affidavit of Juli Laramie, an accountant and the controller for the funds. [Doc. #7-2]. Ms. Laramie's office conducted an audit of defendant's payroll records, for the period of July 20, 2016, through October 18, 2017. Based on the audit, defendant owes contributions in the amount of $23,654.15, $275.98 in interest calculated at 4%, and $2,221.25 in liquidated damages. See Spreadsheet and Interest Calculations [Docs. ## 7-5 and 7-6].

Plaintiffs also submit the affidavit of attorney Greg A. Campbell. [Doc. #7-1]. According to Mr. Campbell, his firm's hourly billing rate for his services on this matter was $195.00 and for the services of paralegals and legal assistants was $105.00. He states that he expended 1.2 hours on this matter and that legal assistant Deane M. Darr expended 1.3 hours, for a total of $370.50 for legal services. The Court finds that the hourly rates and hours expended are reasonable. In addition, the firm paid $400.00 for the filing fee and $57.40 for service of process, for a total of $457.40, to which plaintiffs are also entitled.

Based on the documentation and affidavits submitted by plaintiffs, the Court finds that defendant Better Building Systems, LLC, was bound at all relevant times by a valid collective bargaining agreement and that it breached its obligations by failing to timely purchase the required fringe benefit stamps. Plaintiffs have established that defendant is liable to them for

$23,654.15 in delinquent fringe benefit contributions, $275.98 in interest, and $2,221.25 in liquidated damages, for a total of $26,151.38. Plaintiffs have also established that defendant is liable to them for $370.50 for attorneys' fees and $457.40 in legal fees and costs. The total amount owed by defendant to plaintiffs is $26,979.28.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #7] is **granted**.

A separate judgment in accordance with this Memorandum and Order shall be entered this same date.

_____
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2018.